PAUL ALOIS ADAMSKI,

**Plaintiff,**

v.

**Case No. 26-C-663**

ROBERT MITCHELL,
THOMAS HOLLAND,
DAVID E. HITZ,
CHAD KELLER,
BRIAN VINCENT, and
CAPT. ROSS,

**Defendants.**

## SCREENING ORDER

Plaintiff Paul Alois Adamski, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $66.38. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

At all times relevant to the complaint, Plaintiff was incarcerated at Redgranite Correctional Institution. On November 3, 2025, Plaintiff noticed there were no bottles of cleaning solution in the bathroom. Plaintiff asked Correctional Officer (CO) Robert Mitchell for bathroom cleaning supplies and requested that two bottles of pink spray be put in the bathroom as required by institution policy. CO Mitchell stated that security staff have no role in correcting the lack of pink cleaning chemicals in the bathroom. Plaintiff responded that CO Mitchell should report any issues to the person who can fix it. CO Mitchell offered Plaintiff the blue spray, which was the incorrect spray. Plaintiff refused the spray for his own safety. He went to the bathroom without the pink cleaning solution that should have been made available to him. Plaintiff complained about the incident to his friends. CO Thomas Holland overheard Plaintiff speaking about the incident and reported Plaintiff. Compl. at 5–6, Dkt. No. 1.

On November 5, 2025, Plaintiff was taken to the Restrictive Housing Unit (RHU). The next day, Lt. Brian Vincent served Plaintiff with a conduct report for disruptive conduct, disobeying orders, and group resistance and petitions. Captain Ross and Lt. David Hitz were involved in writing the conduct report. Security Director Chad Keller read and authorized the issuance of the conduct report. *Id.* at 6.

Lt. Hitz is a defendant in one of Plaintiff's pending lawsuits in the Western District of Wisconsin and has made several threats to write false conduct reports against Plaintiff since 2024. Captain Ross was motivated to retaliate against Plaintiff as a result of Plaintiff's history of filing inmate complaints and lawsuits. CO Holland has made several comments to Plaintiff about

3

Plaintiff's inmate complaint and lawsuit activity, stating that Plaintiff "enjoys filing lawsuits." CO Holland's girlfriend is a defendant in Plaintiff's pending lawsuit in the Western District of Wisconsin. Security Director Keller is a defendant in both of Plaintiff's lawsuits and was motivated to retaliate in order to deter Plaintiff from exhausting remedies and filing additional lawsuits. Lt. Vincent read the conduct report and was put on notice that the conduct report did not provide facts that would support any of the charges, but he failed to intervene on Plaintiff's behalf. *Id.* at 6–7.

Plaintiff requested a due process hearing on the conduct report. Plaintiff was found not guilty of all charges. Plaintiff asserts that his post-traumatic stress disorder (PTSD) symptoms, including depression, claustrophobia, hypervigilance, sleep disturbance, paranoia, anxiety, agitation, anger, and rage, were triggered by the false accusations made against him. Plaintiff was forced to spend one week in RHU, and he was traumatized by his isolation in RHU "to the point where he could barely function." Plaintiff missed the Veteran's Day ceremony where he was supposed to lead the group in the pledge of allegiance. He also missed receiving bakery items that he purchased and had been looking forward to. *Id.* at 7–8.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that Defendants retaliated against him. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he

4

suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Plaintiff alleges that CO Holland overheard Plaintiff speaking to other inmates about his request for cleaning supplies being denied and reported Plaintiff. Based on CO Holland's report, Captain Ross and Lt. Hitz wrote a conduct report against Plaintiff and Security Director Keller read and authorized the issuance of the conduct report. Plaintiff alleges that CO Holland, Captain Ross, Lt. Hitz, and Security Director Keller were involved in issuing the false and fabricated conduct report to retaliate against Plaintiff for filing inmate complaints and lawsuits. Based on the allegations contained in the complaint, Plaintiff may proceed on a retaliation claim against CO Holland, Captain Ross, Lt. Hitz, and Security Director Keller.

Plaintiff may not proceed on a retaliation claim against CO Mitchell, however. Even though CO Mitchell denied Plaintiff's request for cleaning supplies, Plaintiff does not allege that he was involved in the issuance of the conduct report. The complaint contains no allegations from which the court can infer that CO Mitchell retaliated against Plaintiff.

In addition, Plaintiff does not state a claim against Lt. Vincent. Plaintiff alleges that Lt. Vincent delivered the conduct report to Plaintiff. He asserts that because Lt. Vincent read the conduct report, he would know that the conduct report did not provide facts that would support any of the charges and thus failed to intervene on Plaintiff's behalf. Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). An inmate asserting a failure to intervene claim must allege that the officer had reason to know that any constitutional violation has been committed by another

officer and that the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Id.* Even though Plaintiff alleges that Lt. Vincent read the conduct report, the complaint contains no allegations from which the court can infer that Lt. Vincent knew that the conduct report contained false allegations against Plaintiff or that the other officers were violating Plaintiff's constitutional rights. In short, Plaintiff fails to state a failure to intervene claim against Lt. Vincent.

Plaintiff also asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. To state a cognizable Eighth Amendment claim, an inmate must allege facts that, if proven, would satisfy two requirements: first, the alleged deprivation of rights must be sufficiently serious and, second, the prison official must have acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994). The Supreme Court has defined cruel and unusual punishment as "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 329 (1986). Pain can include severe mental distress. *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015) ("In short, the alleged pain [sufficient to constitute cruel and unusual punishment] may be physical or psychological." (internal quotation marks and citation omitted)).

What is necessary to establish an unnecessary and wanton infliction of pain, the Court has held, "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). Where the alleged violation arises out of a failure to act, as for example, the failure of prison officials to provide essential medical care, the question is whether the officials exhibited "deliberate indifference." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). But where the alleged violation arises out of deliberate actions of prison officials, the question is whether the actions taken constitute the "unnecessary and wanton infliction of pain." *Id.* at 7 (citing *Whitley*, 475 U.S. at 319).

Plaintiff alleges that, as a result of being issued the false conduct report, he was placed in RHU for one week. He alleges that he was traumatized by his isolation in RHU to the point where he could barely function. Plaintiff claims that his PTSD symptoms, including depression, claustrophobia, hypervigilance, sleep disturbance, paranoia, anxiety, agitation, anger, and rage, were triggered by the false accusations made against him. He missed the Veteran's Day ceremony, where he was supposed to lead the group in the pledge of allegiance, as well as receiving bakery items that he purchased and had been looking forward to. Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against CO Holland, Captain Ross, Lt. Hitz, and Security Director Keller based on his allegations that he was forced to spend a week in RHU and suffered the unnecessary and wanton infliction of pain as a result of being issued the false conduct report. Again, because CO Mitchell and Lt. Vincent were not involved in the issuance of the conduct report or Plaintiff's placement in RHU, he does not state an Eighth Amendment claim against them.

The court finds that Plaintiff may proceed on the following claims: a First Amendment retaliation claim against CO Holland, Captain Ross, Lt. Hitz, and Security Director Keller based on his allegations that they were involved in issuing Plaintiff a false conduct report because Plaintiff filed inmate complaints and lawsuits as well as an Eighth Amendment conditions of confinement claim against CO Holland, Captain Ross, Lt. Hitz, and Security Director Keller based on his allegations that he was forced to spend a week in RHU and suffered the unnecessary and wanton infliction of pain as a result of being issued the false conduct report.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

7

**IT IS FURTHER ORDERED** that Robert Mitchell and Brian Vincent are **TERMINATED** as defendants.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Thomas Holland, Lt. David E. Hitz, Security Director Chad Keller, and Capt. Ross.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, CO Thomas Holland, Lt. David E. Hitz, Security Director Chad Keller, and Capt. Ross shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $283.62 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

8

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 16th day of June, 2026.

William C. Griesbach
United States District Judge

9