# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

PAUL ALOIS ADAMSKI,

      **Plaintiff,**

      v.                                       Case No. 26-C-663

ROBERT MITCHELL,
THOMAS HOLLAND,
DAVID E. HITZ,
CHAD KELLER, and
CAPT. ROSS,

      **Defendants.**

---

## SCREENING ORDER

---

Plaintiff Paul Alois Adamski, who is currently serving a state prison sentence at Redgranite Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On June 25, 2026, Plaintiff filed an amended complaint as a matter of course. The court will screen the amended complaint as required by 28 U.S.C. § 1915A.

### SCREENING OF THE AMENDED COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and

states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

At all times relevant to the amended complaint, Plaintiff was incarcerated at Redgranite Correctional Institution. On November 3, 2025, Plaintiff noticed there were no bottles of cleaning solution in the bathroom. Plaintiff asked Correctional Officer (CO) Robert Mitchell for bathroom cleaning supplies and requested that two bottles of pink spray be put in the bathroom as required by institution policy. CO Mitchell stated that security staff have no role in correcting the lack of

2

pink cleaning chemicals in the bathroom. Plaintiff responded that CO Mitchell should report any issues to the person who can fix it. CO Mitchell offered Plaintiff the blue spray, which was the incorrect spray. Plaintiff refused the spray for his own safety. He went to the bathroom without the pink cleaning solution that should have been made available to him. Plaintiff complained about the incident to his friends. CO Thomas Holland overheard Plaintiff speaking about the incident and reported Plaintiff for being disruptive and engaging in petition writing and group resistance. Am. Compl. at 4–6, Dkt. No. 9.

On November 5, 2025, Plaintiff was taken to the Restrictive Housing Unit (RHU). CO Mitchell wrote Plaintiff a conduct report for disruptive conduct, disobeying orders, and group resistance and petitions. Captain Ross and Lt. David Hitz were involved in writing the conduct report. Security Director Chad Keller read and authorized the issuance of the conduct report. *Id.* at 6.

Lt. Hitz is a defendant in one of Plaintiff's pending lawsuits in the Western District of Wisconsin and has made several threats to write false conduct reports against Plaintiff since 2024. Captain Ross was motivated to retaliate against Plaintiff as a result of Plaintiff's history of filing inmate complaints and lawsuits. CO Holland has made several comments to Plaintiff about Plaintiff's inmate complaint and lawsuit activity, stating that Plaintiff "enjoys filing lawsuits." CO Holland's girlfriend is a defendant in Plaintiff's pending lawsuit in the Western District of Wisconsin. Security Director Keller is a defendant in both of Plaintiff's lawsuits and was motivated to retaliate in order to deter Plaintiff from exhausting remedies and filing additional lawsuits. *Id.* at 6–7.

Plaintiff requested a due process hearing on the conduct report. CO Mitchell admitted that Plaintiff did not form a group, write a petition, or return to CO Mitchell's post to disrupt the

3

institution. CO Mitchell also asserted that he had no actual knowledge of what Plaintiff had said after he left CO Mitchell at the sergeant's station. Plaintiff was found not guilty of all charges. Plaintiff asserts that his post-traumatic stress disorder (PTSD) symptoms, including depression, claustrophobia, hypervigilance, sleep disturbance, paranoia, anxiety, agitation, anger, and rage, were triggered by the false accusations made against him. Plaintiff was forced to spend one week in RHU, and he was traumatized by his isolation in RHU "to the point where he could barely function." Plaintiff missed the Veteran's Day ceremony where he was supposed to lead the group in the pledge of allegiance. He also missed receiving bakery items that he purchased and had been looking forward to. Plaintiff asserts that Defendants intended that he suffer great pain as a result of his mental health issues under the knowledge that he was being retaliated against and intended that Plaintiff be denied being publicly honored for his service on Veteran's Day and the benefit of his specialty items purchase. *Id.* at 7–8.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff asserts that Defendants retaliated against him. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v.*

4

*Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).  Plaintiff alleges that he complained to CO Mitchell about the lack of cleaning supplies and that CO Holland overheard Plaintiff speaking to other inmates about his request for cleaning supplies being denied and reported Plaintiff.  CO Mitchell subsequently wrote a conduct report, with the assistance of Captain Ross and Lt. Hitz, and Security Director Keller read and authorized the issuance of the conduct report.  Plaintiff alleges that Defendants violated Plaintiff's right to use protected speech and that CO Holland, Captain Ross, Lt. Hitz, and Security Director Keller were involved in issuing the false and fabricated conduct report to retaliate against Plaintiff for filing inmate complaints and lawsuits.  Based on the allegations contained in the amended complaint, Plaintiff may proceed on a retaliation claim against CO Mitchell, CO Holland, Captain Ross, Lt. Hitz, and Security Director Keller.

Plaintiff also alleges that, as a result of being issued the false conduct report, he was placed in RHU for one week in violation his constitutional rights.  To state a Fourteenth Amendment due process claim, a plaintiff must allege that (1) he was deprived of a constitutionally protected liberty interest and (2) the procedures he was afforded were constitutionally deficient.  *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024).  The protections of the due process clause only apply to prison disciplinary proceedings that result in extended prison sentences or "atypical and significant hardships."  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).  A transfer to segregation will trigger a protected liberty interest under the Fourteenth Amendment only if the transfer amounts to a significant and atypical hardship in relation to the ordinary incidents of prison life.  *Id.* at 476.  An inmate's liberty is affected "only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time."  *Earl v. Racine Cty. Jail*, 718 F.3d 698, 691 (7th Cir. 2013).

Plaintiff does not allege what the conditions of his confinement in RHU were.  Instead, he alleges that he was traumatized by his isolation in RHU to the point where he could barely function.  Plaintiff claims that his PTSD symptoms, including depression, claustrophobia, hypervigilance, sleep disturbance, paranoia, anxiety, agitation, anger, and rage, were triggered by the false accusations made against him.  He missed the Veteran's Day ceremony, where he was supposed to lead the group in the pledge of allegiance, as well as receiving bakery items that he purchased and had been looking forward to.  Plaintiff might be a sensitive soul, but neither the length of his confinement nor the conditions of his confinement trigger due process protections under the Fourteenth Amendment.

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment.  To violate the Eighth Amendment, "the condition of confinement must be a denial of 'basic human needs' or the 'minimal civilized measure of life's necessities.'"  *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  In addition, the prison official must have acted with a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  That is, the infliction of the conditions "must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable."  *Antonelli*, 81 F.3d at 1427 (citation omitted).  The amended complaint contains no allegations from which the court can infer that Plaintiff's seven-day placement in RHU denied Plaintiff the minimal civilized measure of life's necessities or that Defendants acted with a "sufficiently culpable state of mind."  *Farmer*, 511 U.S. at 834.  For these reasons, Plaintiff fails to state an Eighth Amendment claim against CO

6

Mitchell, CO Holland, Captain Ross, Lt. Hitz, and Security Director Keller. *See Giles v. Godinez*, 914 F.3d 1040, 1051–52 (7th Cir. 2019).

**IT IS THEREFORE ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Robert Mitchell, Thomas Holland, David E. Hitz, Chad Keller, and Capt. Ross.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Robert Mitchell, Thomas Holland, David E. Hitz, Chad Keller, and Capt. Ross shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

7

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 2nd day of July, 2026.

William C. Griesbach
United States District Judge